NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWESI BEST *et al.*, | |
| Plaintiffs, | Civ. No. 20-15523 |
| v. | **OPINION** |
| SEAN DESAHDER *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter comes before the Court upon the Amended Application to Proceed *In Forma Pauperis* filed by Plaintiff Kwesi Best ("K. Best"). (ECF No. 8.) For the reasons stated herein, Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis* is granted, but the Complaint (ECF No. 1) is dismissed.

**BACKGROUND**

This case arises from the death of Hasani Best ("H. Best"). (Compl. at 2, ECF No. 1.)[1] On August 21, 2020, at around 9:00 P.M., police received a call about a potential domestic dispute at a residence in Asbury Park, New Jersey. (*Id.*) Multiple Asbury Park police officers responded to the call, including Defendant Sean Deshader ("Officer Deshader"). (*Id.*) When the officers arrived at the residence, they spoke to H. Best's girlfriend. (*Id.*) She told the officers that H. Best had locked himself in the bathroom and would not come out. (*Id.*) The officers spoke with H. Best and attempted to get him to open the door and come out of the bathroom. (*Id.*)

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

1

Eventually, H. Best opened the door and "began to vent about his girlfriend always calling the police and lying." (*Id.*) The Complaint alleges that H. Best was "clearly suffering from some form of mental psychosis." (*Id.*) The responding officers then fired at H. Best, hitting him in the chest and the abdomen. (*Id.*) H. Best died at the scene. (*Id.*)

On October 21, 2020, Plaintiff K. Best filed the Complaint in the Southern District of New York. (ECF No. 1.) The Complaint names two Plaintiffs: K. Best, H. Best's brother, and D.W., H. Best's minor son (collectively, "Plaintiffs"). (Compl. at 1–2.) The Complaint names five Defendants: Officer Deshader, unknown Asbury Park Police Officers John Doe 1 and John Doe 2, unknown Monmouth County Sherriff John Doe 3, and unknown Monmouth County Deputy John Doe 4 (collectively, "Defendants"). (*Id.* at 1.) All Defendants are sued in their individual and official capacities. (*Id.*) The Complaint brings claims pursuant to 42 U.S.C. § 1983 for violations of H. Best's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Compl. at 2–3.) The Complaint also alleges "negligent hiring and retention" and "negligent supervision and training" and requests, in addition to monetary damages, that "all officers be immediately trained in the act of communicating" effectively with "the mentally ill and given explicit training in how to deescalate situations, so as not to find it necessary to use unnecessary and deadly force." (*Id.* at 1, 3.)

On October 28, 2020, the District Court in the Southern District of New York transferred this action *sua sponte* to the District of New Jersey. (ECF No. 2.)[2] Subsequently, this Court directed Plaintiff K. Best to pay the filing fee or submit an application to proceed *in forma*

---

[2] The District Court concluded that venue was improper in the Southern District of New York because the Complaint does not allege that any of the Defendants reside in the Southern District of New York, or that a substantial part of the events or omissions occurred in the Southern District of New York. (Transfer Order at 1–2, ECF No. 2.)

*pauperis*. (ECF No. 5.) On April 14, 2021, the Court received Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis*. (ECF No. 8.)[3] Plaintiff K. Best's Amended Application is presently before the Court.

## LEGAL STANDARDS

### I. Application to Proceed *In Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for

---

[3] Attached to Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis* is a letter requesting the assistance of counsel. (*See* Am. Appl. at 1, ECF No. 8.) To the extent that Plaintiff's request is a Motion to Appoint Pro Bono Counsel, the Court will deny the Motion, without prejudice, as premature. Plaintiffs may file another Motion for Pro Bono Counsel upon the filing of an amended complaint.

3

dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

**II.     Failure to State a Claim**

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

I.     **Application to Proceed In Forma Pauperis**

Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis* is sufficient under § 1915(a). Plaintiff K. Best is incarcerated in the Franklin Correctional Facility in Malone, New York. (Am. Appl. at 3, ECF No. 8.)[4] The certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the Complaint indicates a total account balance ranging from $300–$450. (*Id.* at 10–15.) He reports a monthly income of about $100 from employment and gifts from family, and he possesses no other assets. (*Id.* at 3, 5–9.) Additionally, Plaintiff K. Best's co-Plaintiff, D.W., appears to be a minor. (*Id.* at 3.) Considering these circumstances, the Court will grant Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis*.

II.    **Screening of Complaint**

   A.     *Standing to Sue on Behalf of Decedent*

"[A] Section 1983 cause of action will survive the complainant's death if it would do so under state law." *Endl v. New Jersey*, 5 F. Supp. 3d 689, 696 (D.N.J. 2014) (citing *Robertson v. Wegmann*, 436 U.S. 584, 593 (1978); *Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012)). "Under New Jersey law, an executor or administrator may pursue an action based on 'the wrongful act, neglect, or default of another, where death resulted from injuries for which the deceased would have had a cause of action if he lived.'" *Id.* (quoting N.J. Stat. Ann. § 2A:15-3). An action under N.J. Stat. Ann. § 2A:15-3 must be brought in the name of an administrator ad prosequendum of the decedent. *Id.* (quoting § 2A:31-2.) "Section 1983 incorporates state law limitations on representative capacity; therefore, the only plaintiff with standing to bring the §

---

[4] The page numbers to which the Court refers are the CM/ECF page numbers.

1983 . . . claims is the administrator ad prosequendum." *Est. of Strouse v. Atlantic Cnty.*, 2019 WL 2588775, at *5 (D.N.J. June 24, 2019) (citing *Endl*, 5 F. Supp. 3d at 696). An administrator ad prosequendum is "merely a nominal representative" of those persons entitled to take intestate property of the decedent. *Kasharian v. Wilentz*, 226 A.2d 437, 481 (N.J. Super. Ct. App. Div. 1967).

Plaintiffs bring their § 1983 claims as individuals to vindicate the rights of H. Best. However, only the administrator ad prosequendum of H. Best's estate can bring § 1983 claims on his behalf. Therefore, the Court will dismiss Plaintiffs' claims without prejudice for lack of standing. Plaintiffs may file an Amended Complaint indicating whether either Plaintiff K. Best or Plaintiff D.W. is the administrator ad prosequendum of H. Best's estate, and thus the appropriate representative to bring suit.[5]

B.   *Eighth Amendment*

The Eighth Amendment applies only to individuals convicted of crimes and only after sentencing and conviction. *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). H. Best was not in custody and had not been sentenced for or convicted of a crime when he died. Accordingly, Plaintiffs' Eighth Amendment claim is dismissed.

## III.   Leave to Amend

Plaintiffs are granted leave to amend the Complaint to cure the Complaint's deficiencies within forty-five (45) days from the entry of the Court's accompanying Order.

---

[5] Under New Jersey law, "[t]he surrogate's court of the county wherein an intestate resided at his death, or if the intestate resided outside the State, the surrogate's court of the county wherein the accident resulting in death occurred, of the Superior Court, may grant letters of administration ad prosequendum to the person entitled by law to general administration." N.J. Stat. Ann. § 3B: 10-11.

**CONCLUSION**

For the foregoing reasons, Plaintiff K. Best's Amended Application to Proceed *In Forma Pauperis* (ECF No. 8) is granted, but the Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.

Date: April 22, 2021                          */s/ Anne E. Thompson*
                                                                                   ANNE E. THOMPSON, U.S.D.J.